# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DOLORES GOMEZ DE ABARCA,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Acting Commissioner of Social Security,<br><br>Defendant. | Case No.: 3:24-cv-01769-BEN-JLB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FES** |

## I. **INTRODUCTION**

Before the Court is Plaintiff's counsel's motion for attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. ECF No. 27. After considering the papers submitted, supporting documentation, and applicable law, the Plaintiff's Motion is **GRANTED**.

## II. **LEGAL STANDARD**

"Under the EAJA, a litigant is entitled to attorney's fees and costs if: (1) [s]he is the prevailing party; (2) the government fails to show that its position was substantially

-1-

justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." Carbonell v. I.N.S., 429 F.3d 894, 898 (9th Cir. 2005); 28 U.S.C. §2412(d)(1)(A).

### III. DISCUSSION

#### A. Prevailing Party

"An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." Gutierrez v. Barnhart, 274 F.3d 1255, 1257 (9th Cir. 2001) (citation omitted).

Here, Plaintiff satisfies the first prong as she was the prevailing party. Plaintiff's denial of her benefits has been reversed and remanded. See ECF No. 24.

#### B. Government's Position

Under the EAJA, the prevailing party is entitled to attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The government bears the burden of proving that its position was substantially justified. Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013). The government must establish that it "had a reasonable basis both in law and fact" for its conduct. Sampson v. Chater, 103 F.3d 918, 921 (9th Cir. 1996).

Here, Defendant does not assert in its response to Plaintiff's motion that the government was substantially justified. See ECF No. 28.

#### C. Reasonable Fees

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). Determining a reasonable fee may be found by taking the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Id. at 433. Hours that are excessive, redundant, or otherwise unnecessary should be excluded from an award of fees. Id. at 434. "There is a strong presumption that the 'lodestar figure'

represents a reasonable fee," and it should be reduced only in "rare instances." <u>Morales v. City of San Rafael</u>, 96 F.3d 359, 364 n.8 (9th Cir. 1996); <u>see also</u> <u>Minh Trieu Doan v. Berryhill</u>, 2018 U.S. Dist. LEXIS 96972, 2018 WL 2761733, at *3 (S.D. Cal. June 7, 2018) ("Generally, the court should defer to the winning lawyer's professional judgment as to how much time was required for the case.") (citation omitted).

Here, the attorney fees being requested by Plaintiff's attorneys are reasonable. Plaintiff's attorneys filed, in support of this motion, itemized time records that correlate with individual tasks performed throughout the three years they worked on this matter. Plaintiff's attorneys request an hourly rate of $207.78 for time spent in 2020; an hourly rate of $217.54 for time spent in 2021; and an hourly rate of $231.49 for time spent in 2022. The total number of hours amounts to 39.9 hours. Thereby, the total fee is $10,048.42.

**CONCLUSION**

Accordingly, Plaintiff's Motion for Attorney's Fees is **GRANTED**.

DATED: November 6, 2025

**HON. ROGER T. BENITEZ**
United States District Judge